IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Criminal No. 00-146 |
| | ) | See Civil Action No. 12-73 |
| MICHAEL R. JOHNSON, | ) | |
| | ) | |
| Defendant/petitioner. | ) | |

## O R D E R

AND NOW, this 27th day of January, 2012, upon consideration Defendant Michael Johnson's "Motion to Reconsider Sentence and/or Vacate Sentence" (document No. 66), filed in the above captioned matter on January 20, 2012,

IT IS HEREBY ORDERED that said Motion is DENIED without prejudice.[1]

Defendant's motion is premature. His direct appeal is currently pending before the Third Circuit Court of Appeals. See Doc. No. 65. While there is no jurisdictional bar to consideration of a motion pursuant to 28 U.S.C. § 2255 during the

---

[1] The Court notes that Defendant's motion is labeled alternatively as a motion to reconsider and a motion to vacate sentence. As the Court has already, pursuant to its January 4, 2012 Order, denied a motion to reconsider raising essentially the same issues, it would deny this motion as well on those grounds. However, because the present motion raises issues of ineffective assistance of counsel as well, it can be, and most appropriately should be, considered as a motion pursuant to 28 U.S.C. § 2255. Accordingly, that is how the Court will treat the motion.

pendency of a direct appeal, ordinarily such a motion is deemed to be premature and dismissed without prejudice. See United States v. Banks, 269 Fed. Appx. 152, 153 (3d Cir. 2008) ("In the context of collateral attacks upon convictions, courts have concluded that there is no jurisdictional bar to a district court's adjudication of a § 2255 motion while the movant's direct appeal is pending, but that such actions are disfavored as a matter of judicial economy and concern that the results on direct appeal may make the district court's efforts a nullity.") (citing United States v. Prows, 448 F.3d 1223, 1228-29 (10th Cir. 2006)).

As the Third Circuit noted in Kapral v. United States, 166 F.3d 565 (3d Cir. 1999), "a collateral attack is generally inappropriate if the possibility of further direct review remains open: A district court should not entertain a habeas corpus petition while there is an appeal pending." Id. at 570. As such, "in the absence of extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending." Id. at 572 (quoting United States v. Gordon, 634 F.2d 638, 638-39 (1st Cir. 1980)). See also Rule 5, Rules Governing § 2255 Proceedings, Advisory Committee Note.

Accordingly, because Defendant's direct appeal is still pending and because there are no extraordinary circumstances that would warrant collateral review during the pendency of that

appeal, Defendant's motion is denied without prejudice to his right to seek Section 2255 relief after his appeal has been decided.

                s/Alan N. Bloch
                United States District Judge

ecf:  Counsel of record

CC:  Michael R. Johnson, #06883-068
   Northeast Ohio Correctional Center
   2240 Hubbard Road
   Youngstown, OH 44501