IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | CR 00-136 (see CA 13-1275) |
| MICHAEL R. JOHNSON, | ) | CR 00-146 (see CA 13-1276) |
| | ) | |
| Defendant/Petitioner. | ) | |

MEMORANDUM OPINION

Petitioner Michael R. Johnson, on September 3, 2013, filed a pro se Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 755 at CR 00-136 and Doc. No. 75 at CR 00-146) and memorandum of facts and law in support thereof (Doc. No. 756 at CR 00-136 and Doc. No. 76 at CR 00-146). Upon consideration of this motion, and upon further consideration of the Government's response thereto (Doc. No. 759 at CR 00-136 and Doc. No. 79 at CR 00-146), filed on November 6, 2013, the Court denies Petitioner's petition for the reasons set forth below.

I. **Background**

On September 21, 2000, Petitioner pled guilty to one count of conspiracy to distribute and possess with intent to distribute in excess of 100 kilograms of marijuana, in violation of 21 U.S.C. § 846, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), at Criminal No.

1

00-136, and one count of possession with intent to distribute in excess of 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii), at Criminal No. 00-146.  On November 30, 2000, this Court sentenced Petitioner to 188 months' imprisonment at each count, to be served concurrently, to be followed by 5 years of supervised release at Count One and 3 years of supervised release at Count 2 at Criminal No. 00-136, to be served concurrently, and 5 years of supervised release at Count One at Criminal No. 00-146, to be served concurrently with the terms imposed at Criminal No. 00-136.  However, on November 7, 2002, the Court reduced Petitioner's sentence of imprisonment to 72 months at each count in both cases, to be served concurrently.  His term of supervised release remained unchanged.

    Petitioner was released to supervision on September 30, 2005, and his supervision was transferred to the District of New Mexico on July 5, 2007.  On July 14, 2007, Petitioner was arrested on a charge of driving under the influence of alcohol in New Mexico.  On September 13, 2007, the Court approved a modification of Petitioner's supervision conditions to include 120 days of community confinement, which was successfully completed.

    On June 20, 2008, Petitioner's probation officer filed another Petition on Supervised Release, alleging that Petitioner

violated the conditions of his supervision by violating the condition that provides that he shall not commit another federal, state, or local crime, by committing the New Mexico state offenses of violation of a protection order, aggravated stalking, assault on a household member, and disorderly conduct, and by committing several technical violations.  On October 23, 2008, the Court found that Petitioner violated his conditions of release and sentenced him to a term of imprisonment of 8 months at Count One at Criminal No. 00-136, one day at Count Two at Criminal No. 00-136, and one day at Count One at Criminal No. 00-146, all to be served concurrently with one another.  The Court also placed Petitioner on supervised release for a term of 52 months at Count One and 35 months at Count Two at Criminal No. 00-136, and 52 months at Count One at Criminal No. 00-146, all to be served concurrently with one another.

Petitioner was again released to supervision on February 11, 2009.  On June 16, 2010, his probation officer filed another Petition on Supervised Release alleging that Petitioner had violated the conditions of his release by traveling to Missouri, Oklahoma, and New Mexico without permission and in the company of two other convicted felons and by failing to report contact he had with law enforcement in Missouri and Oklahoma on May 3, 2010.  The next day, June 17, 2010, the Court approved a modification of Petitioner's conditions to include 6 months of

3

home detention with electronic monitoring, which was successfully completed on November 10, 2010.

On January 26, 2011, the probation officer filed a new Petition on Supervised Release alleging that Petitioner had violated the terms of his release and requesting that the Court order a bench warrant be issued for his arrest and that the warrant be lodged as a detainer at El Paso County Jail, El Paso, Texas. Specifically, the probation officer advised that Petitioner violated the condition of his supervised release that provides that he shall not commit another federal, state, or local crime, by committing the federal offense of conspiracy to possess with intent to distribute 400 pounds of marijuana, in violation of 21 U.S.C. § 846. She also advised the Court that Petitioner violated the condition which provides that he shall not leave the judicial district without permission of the Court, by traveling to El Paso, Texas, when he had only received permission from the Court to travel to Albuquerque, New Mexico.

Petitioner pled guilty to an information in regard to the federal drug conspiracy charges in the United States District Court for the Western District of Texas at Case No. EP-11-cr-356 PRM(1), and, on November 3, 2011, was sentenced by the district court to a term of imprisonment of 46 months and a term of supervised release of five years for violating 21 U.S.C. §§ 841 and 846. Shortly thereafter, on December 22, 2011, this Court,

pursuant to the Petition filed by the probation officer, found that Petitioner had again violated the terms of his supervised release and revoked his supervision. The Court sentenced him to a term of imprisonment of 33 months, consisting of 11 months at each of Counts One and Two at Criminal No. 00-136, and 11 months at Count One at Criminal No. 00-146, all to be served consecutive to each other and consecutive to the sentence imposed by the Western District of Texas at Case No. EP-11-cr-356 PRM(1). This Court did not impose an additional term of supervised release. Petitioner appealed the Court's sentence upon revocation, but the Third Circuit Court of Appeals affirmed this Court's judgment on July 1, 2013.

On September 3, 2013, Petitioner, acting pro se, filed the present motion pursuant to 28 U.S.C. § 2255. On September 5, 2013, in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), the Court issued an Order advising Petitioner that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits consideration of a second or successive habeas petition absent certification from the Third Circuit that certain very specific and rare circumstances exist. With that in mind, Petitioner was ordered to advise the Court as to how he wished to proceed in this case, and specifically, whether he wished to have his motion ruled upon as filed and lose the ability to file successive petitions absent Third Circuit

5

certification, or whether he wished to withdraw the motion and file one all-inclusive Section 2255 petition within the one-year statutory period of the AEDPA. When Petitioner failed to respond, the Court proceeded under his motion as filed. The Court will address the claims raised in Petitioner's instant petition below.

**II. Discussion**

Pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Department of Veterans Affairs, 165 F.3d 244, 247 (3d Cir. 1999). However, even a pro se plaintiff must be able to prove a "'set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 520-21 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

As noted, Petitioner brings his pro se petition pursuant to Section 2255. This statute permits a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). An evidentiary hearing is not required on a Section 2255 motion if "the motion and the files and records of the case

conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

In his motion and memorandum, Petitioner claims he is entitled to relief under Section 2255 on the basis of ineffective assistance of counsel. In raising this claim, Petitioner identifies two areas in which his counsel was allegedly ineffective. First, he alleges that his counsel was ineffective by failing to object to the revocation sentence imposed by this Court on double jeopardy grounds because he received two criminal history points in his Western District of Texas case for committing that offense while on supervised release. Second, he objects to his counsel failing to obtain a Presentence Investigation Report ("PIR") which would have enabled him to establish that Petitioner was authorized to act as a government agent while committing the crime for which he was convicted in the Western District of Texas. For the reasons that follow, the Court finds no merit in Petitioner's claims and finds that the record conclusively shows that he is not entitled to relief under Section 2255 on either of the grounds he alleges.[1]

A defendant seeking relief under Section 2255 on the grounds of ineffective assistance of counsel "must show both

---

[1] Since the record itself conclusively shows that Petitioner is not entitled to relief, no evidentiary hearing is necessary.

that: (1) counsel's representation fell below an objective standard of 'reasonableness under prevailing professional norms;' and (2) the defendant suffered prejudice as a result – that is, there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different." Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996) (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

> In reviewing counsel's performance, [a court] must be highly deferential. [A court] must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. Moreover, [a court] must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Sistrunk, 96 F.3d at 670 (citing Strickland, 466 U.S. at 689-90) (internal quotation marks and citations omitted). "It is only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Kauffman, 109 F.3d 186, 190 (3d Cir. 1997) (quoting United States v. Gray, 878 F.2d 702, 711 (3d Cir. 1989)).

## A. Failure to Raise Claim of Double Jeopardy

Petitioner's first argument appears to be that his counsel was ineffective in failing to assert that this Court's sentence pursuant to the revocation of his supervised release constituted a violation of the Double Jeopardy Clause of the United States Constitution. Specifically, he seems to assert that the fact that he received two additional criminal history points pursuant to Section 4A1.1(d) of the United States Sentencing Guidelines at Case No. EP-11-cr-356 PRM(1) in the Western District of Texas for having committed that offense while on supervised release precluded this Court from imposing any additional penalty for violating that release. Section 4A1.1(d) provides that a criminal defendant receives two criminal history points where the instant offense is committed while the defendant is "under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Petitioner seems to be alleging that because his sentence in Texas was subject to such an enhancement, any additional penalty for violating the supervised release related to this enhancement in this case violates his double jeopardy rights. He faults his attorney for not raising this issue with the Court. However, the Court finds that counsel was not ineffective for failing to have done so because the argument has no merit.

The United States Supreme Court, in Johnson v. United States, 529 U.S. 694 (2000), made it clear that post-revocation penalties are attributable to the original conviction for which supervision was imposed rather than punishment for new conduct. This applies even if the acts underlying the revocation are criminal in their own right or the basis for separate prosecution. See id. at 700. See also United States v. Wheeler, 330 F.3d 407, 411-12 (6th Cir. 2003). Therefore, by sentencing Petitioner for violating the supervised release imposed at Criminal Nos. 00-136 and 00-146, the Court was actually imposing punishment for the original crimes to which Petitioner pled guilty in those cases and that led to the imposition of the supervision. The Court was not sentencing him for committing the drug trafficking offense for which he was convicted and sentenced in the Western District of Texas. In essence, it was the violation of supervision, rather than the fact that the violation was a separate crime, that formed the basis of the Court's judgment.

Indeed, the very argument put forward by Petitioner was rejected by the Ninth Circuit Court of Appeals in United States v. Jones, 35 F.3d 572, 1994 WL 467993 (9th Cir. 1994). The court there explained that sentencing a defendant for violating his supervised release, while also enhancing his sentence for the underlying offense for having committed it while on supervised

release, did not implicate double jeopardy because the sentence for the release violation was not a direct punishment but a deferred punishment for the crime he had committed that led to the sentence of supervised release in the first place. See id. at ** 3-4. The court explained that the revocation of the defendant's supervised release and resulting sentence was deferred punishment for his earlier crime, not for the later crime underlying the violation. See id. at *4.

It is not relevant, therefore, that Petitioner's sentence in the Western District of Texas may have been affected by the fact that he was on supervised release in the above captioned cases when he committed it. His sentence here is attributable to the offenses to which he pled guilty on September 21, 2000 and does not implicate double jeopardy. Indeed, the entire purpose for imposing a sentence here for not adhering to his conditions of supervision is different from the concerns faced by the Western District of Texas in imposing sentence at Case No. EP-11-cr-356 PRM(1) for engaging in drug trafficking activities. Counsel was not ineffective for failing to raise this argument, and, in any event, even assuming error on the part of counsel, Petitioner was not prejudiced because counsel's argument would not have succeeded had he brought it to the Court.

**B.  Failure to Obtain PIR and Raise Authorization Issue**

Petitioner's second argument relates to his counsel's alleged failure to inform the Court that he had been working with the United States Drug Enforcement Administration in connection with the conduct that led to his conviction in the Western District of Texas and that he was authorized to do so. Apparently he believes that obtaining the PIR from his Texas case would have assisted with such a presentation. There are several problems with this argument.

First, the record does not support Petitioner's account. He pled guilty, and received a significant sentence, for his conduct in Texas. This demonstrates that his actions were, in fact, criminal, and not authorized by law. Indeed, the criminal complaint and affidavit of probable cause in that case clearly refute any claim that Petitioner's actions for which he was convicted (and which formed the basis for his violation here) were authorized. Whether Petitioner *later* attempted to assist law enforcement is not really relevant; what was relevant to these proceedings was that he had, in fact, committed a federal crime. Furthermore, Petitioner offers nothing but his own self-serving claim that he was authorized to engage in the behavior for which he was convicted. He has offered no corroborating evidence, such as a statement from the agent or agents with whom

he was working, nor does he even go so far as to identify any such agents.

Moreover, had counsel raised these concerns, he actually would have been informing the Court of additional supervised release violations on Petitioner's behalf. A condition of Petitioner's supervised release in both Criminal No. 00-136 and Criminal No. 00-146 is that he shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court. Had Petitioner actually been acting as an informer or special agent in Texas, he would be in violation of this condition, as this Court is well aware that it has authorized no such activity. Indeed, the very purpose of this condition is to avoid situations such as this one. Moreover, had counsel raised this issue, it would have shown that Petitioner's request to travel to Albuquerque, New Mexico, was made on false pretenses, as he apparently would have been seeking to travel to perform an undisclosed mission in Texas, 250 miles away from his stated destination, rather than for the reasons stated.

In short, raising such an argument would not have helped Petitioner at all at his sentencing for his supervised release violations in these cases. In fact, the Court, in explaining its sentence, emphasized the fact that Petitioner showed little regard for his conditions of release in consistently violating

13

these conditions and in failing to take advantage of the opportunities he had been given to bring his behavior in compliance with the conditions. A defense that included exposing even more violations would have been of no benefit. Therefore, even if counsel should have brought these matters to the Court's attention, Petitioner was not prejudiced by his failure to do so.

### III. Conclusion

For all of the above-stated reasons, Petitioner's motion is denied in its entirety. Further, this Court will not issue a certificate of appealability in this case. A certificate of appealability may issue under Section 2255 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth above, Petitioner has not made a substantial showing of the denial of a constitutional right, and a certificate of appealability should not issue in this action.

s/Alan N. Bloch
United States District Judge

Date: December 30, 2014

ecf: Counsel of record

cc: Michael R. Johnson, Fed. Reg. No. 06883-068
    FCI Terminal Island
    P.O. Box 3007
    San Pedro, CA 90731